The Honorable Gary Isbell, Circuit Judge Fourteenth Judicial District, Division 2 #1 East 7th Street Mountain Home, AR 72653
Dear Judge Isbell:
You have presented the following questions for my opinion:
 (1) Can a county, by and through its quorum court, for the sole purpose of avoiding the payment of overtime compensation, change a job description and convert the job from an hourly wage to a salaried position?
(2) Does the federal wage and hour legislation impact this question?
(3) Does A.C.A. § 14-14-1203(d) impact this question?
You have further asked me to assume the following facts:
 (1) The "new" job description neither adds nor subtracts from the current job duties;
 (2) The same employee is involved both before and after the job change;
 (3) The "new" salary would be the same as the former base hourly rate; and
 (4) The job performance has for years required 100 or more hours of overtime annually.
In my response to these questions, I will assume that the "employee" whom you have referenced is not a county "officer." For purposes of personnel and compensation matters, state law differentiates between county "officers" and county "employees." See A.C.A. § 14-14-801(6)(7) and -805(2). State law seems to draw the differentiating line between elected officials (officers) and persons who are employed by elected officials (employees). This dividing line is bolstered by the fact that the compensation statute for county "officers" lists only the elected county officials. A.C.A. § 14-14-1204(a). These elected positions are required by state law to be salaried positions. Id. Because the position that is the subject of your questions has traditionally been a non-salaried position, I must assume that this position is an "employee" position, rather than an "officer" position.
RESPONSE
Question 1 — Can a county, by and through its quorum court, for the solepurpose of avoiding the payment of overtime compensation, change a jobdescription and convert the job from an hourly wage to a salariedposition?
It is my opinion that a quorum court does have the authority to change a job description to convert the job from an hourly wage position to a salaried position.
State law grants quorum courts broad authority to determine the compensation of county employees. Amendment 55 of the Arkansas Constitution states in pertinent part:
 In addition to other powers conferred by the Constitution and by law, the Quorum Court shall have the power to . . . fix the number and compensation of deputies and county employees[.]
Ark. Const., Am. 55, § 4.
This broad grant of authority is reiterated in the provisions of A.C.A. § 14-14-1206(a), which state:
 (a) COMPENSATION. The quorum court of each county shall, by ordinance, fix the number and compensation of all county employees.
A.C.A. § 14-14-1206(a).
The quorum court's authority with regard to the compensation of county employees is also reflected in the statutory enumeration of county powers, as follows:
 (a) As provided by Arkansas Constitution, Amendment 55, Section 1, Part (a), a county government, acting through its county quorum court, may exercise local legislative authority not expressly prohibited by the Arkansas Constitution or by law for the affairs of the county.
(b) These powers include, but are not limited to, the power to:
* * *
(6) Fix the number and compensation of deputies and county employees[.]
A.C.A. § 14-14-801(a)(b)(6).
The grant of authority to the quorum court concerning employee compensation is broad, and state law does not impose specific requirements concerning changes in the compensation format for particular "employee" positions.[1] Such changes therefore fall within the quorum court's broad authority concerning compensation.
The quorum court's authority is not unlimited, however. Any change in compensation must be specifically appropriated by the quorum court. This requirement arises out of A.C.A. § 14-14-1203, which states:
 (a) APPROPRIATION REQUIRED. All compensation, including salary, hourly compensation, expense allowances, and other remunerations, allowed to any county or township officer, or employee thereof, shall be made only on specific appropriation by the quorum court of the county.
A.C.A. § 14-14-1203(a).
Moreover, the county, as an employer, is subject to federal wage and hour law, as discussed below in response to Question 2.
Question 2 — Does the federal wage and hour legislation impact thisquestion?
As explained more fully below, the answer to this question will depend upon certain factual matters that have not been presented to me. Primarily, it will depend upon the nature of the position under consideration and whether that position is subject to the requirements of federal wage and hour law.
Counties and other governmental entities, as employers, are subject to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. See Garciav. San Antonio Metropolitan Transit Authority, 469 U.S. 528 (1985). The FLSA generally requires employers to pay certain employees an increased wage for hours worked in excess of forty hours per week.29 U.S.C. § 207(a). However, the FLSA contains numerous exceptions to and exemptions from this requirement. See, e.g., 29 U.S.C. § 207(f) (the "fixed salary" exception); 29 U.S.C. § 213 (listing various exemptions). The question of whether a particular exception or exemption applies in a particular situation turns largely on the nature of the position in question and the agreement under which it was entered into. Because I have not been provided with this type of factual information about the position that is the subject of your questions, I cannot opine as to whether it is exempt or non-exempt under the FLSA, or whether it falls within some exception under the Act to the wage and hour requirements. I note that the conversion of a position from an hourly position to a salaried one does not necessarily have the effect of avoiding the wage and hour requirements of the FLSA. The "fixed salary" exception under the FLSA is limited, and certain conditions must be met in order for an employer to rely upon it. See 29 U.S.C. § 207(f); Marshall v. Hamburg Shirt Corp.,577 F.2d 444 (8th Cir. 1978). I also note that even if the position is one that is subject to the FLSA, the wage and hour requirements may be mitigated by other factors. For example, the FLSA provides that under certain circumstances, state and local employers may provide their employees compensatory time in lieu of overtime pay, if an agreement to do so has been reached in accordance with the FLSA. See29 U.S.C. § 207(o); Moreau v. Klevenhagen, 508 U.S. 22 (1993); Heatonv. Moore, 43 F.3d 1176 (8th Cir. 1994).
Accordingly, more factual information must be considered in order to determine the extent of the applicability of federal wage and hour law to the situation you have described. Consultation with the county attorney concerning this factual information would be advisable.
Question 3 — Does A.C.A. § 14-14-1203(d) impact this question?
It is my opinion that A.C.A. § 14-14-1203(d) does not apply to the situation you have described. That provision states:
 (d) DECREASES IN SALARY. Any decrease in the annual salary or compensation of a county officer shall not become effective until January 1 following a general election held after such decrease shall have been fixed by the quorum court of the county.
A.C.A. § 14-14-1203(d) (emphasis added).
Under the above-quoted statute's plain language, it applies only to county "officer[s]." As explained at the outset of this opinion, state law differentiates between county "officers" and county "employees" for purposes of compensation matters. Because this statute involves compensation and explicitly indicates that its subject is the compensation of an "officer," I must conclude that it was not intended to refer to the compensation of county "employees." As also indicated previously, I am assuming for purposes of this opinion that the position that is the subject of your questions is an "employee" position, rather than an "officer" position. Accordingly, the provisions of A.C.A. §14-14-1203(d) do not apply to that position.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] Although state law places limitations on the quorum court's authority to decrease the compensation of county "officers," see Ark. Const., Am. 55, § 5 and A.C.A. § 14-14-1203(d), these limitations do not apply to county "employees." See response to Question 3, infra.